IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA TAYLOR, ET AL., : | | |
| Plaintiffs, : | CIVIL ACTION | |
| : | | |
| : | | |
| V. : | NO. 2:13-cv-02241-DS | |
| : | | |
| POLICE OFFICER LARRY SHIELDS,, : | | |
| Defendant. : | **JURY TRIAL DEMANDED** | |
| : | | |

**DEFENDANT'S PRETRIAL MEMORANDUM**

Defendant, Police Officer Larry Shields, by and through his attorney, Matthew Kevin Hubbard, hereby submits his Pretrial Memorandum in accordance with the Court's Order and Policies and Procedures.

**I.     Brief Statement of the Nature of the Case and Basis of Jurisdiction**

This is a civil rights action commenced by the plaintiffs, Joshua Taylor, Brittany Taylor and their son Zachary Taylor (a minor). Joshua Taylor is seeking monetary relief pursuant to 42 U.S.C. § 1983, claiming that Officer Shields violated his Fourth Amendment right to be free from unreasonable seizure. Mr. Taylor also seeks damages based on the state common law intentional tort claims of assault and battery. All three plaintiffs seek damages based on the state common law intentional tort claim of intentional infliction of emotional distress.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as the plaintiff, Joshua Taylor's claim arises from the Fourth Amendment of the Constitution of the United States. The Court has supplemental jurisdiction over the plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a).

## II.   Defendant's Statement of the Facts

On April 25, 2011, Officer Shields was helping his sister and nephew move in to 4823 Worth Street. His truck was parked across the street near 4824 Worth Street. While removing an item from his truck, Officer Shields saw Joshua Taylor (whom he did not know) exit 4824 Worth Street, carrying a semiautomatic handgun in one hand and an ammunition magazine in the other. He saw Mr. Taylor walk a short distance past him to a house next door and enter without knocking. After a brief period of time had passed, but before Officer Shields had an opportunity to call 911, Mr. Taylor emerged from the house with the handgun now loaded and in his hand. He walked past Officer Shields, who was still standing by his truck, towards the door of 4824 Worth Street. As Mr. Taylor passed Officer Shields and made his turn towards the front door, Officer Shields said to him, "My man. Stop! Police!" Officer Shields, with his gun drawn and in his right hand, tried to grab Mr. Taylor's shirt with his left hand, but Mr. Taylor ran inside 4824 Worth Street. Officer Shields saw the door slam and bounce back open as he pursued him.

Officer Shields did not know Mr. Taylor lived at 4824 Worth Street. Concerned that Mr. Taylor had fled into the house with a loaded gun in his hand and that he had bad intentions, Officer Shields looked inside from the threshold of the door with his gun in his right hand. Immediately Officer Shields saw Mr. Taylor standing in the living room, about fifteen feet away, facing and pointing the gun at him. Fearing for his life, Officer Shields fired one shot and took cover just outside the door and to the side. He told his nephew to go inside the house across the street. He then retreated to the house across the street, called 911, and waited for police to arrive at the scene.

Mr. Taylor was convicted of recklessly endangering Officer Shields and carrying a firearm on a public street or public property in Philadelphia.

**III.** **Damages**

    **A.** **Physical Injury**

Mr. Taylor is claiming serious, permanent physical injuries to his body as a result of the gunshot wound he sustained on April 25, 2011. It also appears that he is claiming emotional and physical pain and suffering as a result of his encounter with Officer Shields. Mrs. Taylor and the Taylors' minor son, Zachary, are claiming severe emotional distress.

    **B.** **Actual Damages**

Mr. Taylor is claiming out of pocket medical bills and lost wages. Mrs. Taylor and Zachary Taylor are not claiming actual damages.

**IV.** **Witness List**

1. Police Officer Larry Shields
2. Lieutenant Steve Nolan
3. Police Officer Stephen Hancock
4. Mr. John "Jack" Ryan (Police Practices Expert – CV and Report Attached)
5. Dr. Jonathan L. Arden, M.D. (Forensic Pathologist – CV and Report Attached)
6. Mr. Gary Barach (Economic Expert – Report Attached)

Defendant reserves the right to call witnesses on the plaintiffs' witness list, if needed.

**V.** **Exhibits List**

    D-1    Philadelphia Police Department ("PPD") Internal Affairs Division ("IAD") Shooting Team File P.S. #11-30

    D-2    Color Photographs from PPD IAD Shooting Team File P.S. #11-30

    D-3    PPD Firearms Discharge Review Board Findings (if necessary)

    D-4    PPD Police Board of Inquiry Findings and Commissioner's Decision (if necessary)

    D-5    Certified Record of Conviction, *Commonwealth of Pennsylvania v. Joshua Taylor*, Dkt. No. CP-51-CR-0011565-2011 (if necessary)

    D-6    Curriculum Vitae and Testimony Log of Dr. Jonathan L. Arden, M.D.

    D-7    Expert Report of Dr. Jonathan L. Arden, M.D.

    D-8    Curriculum Vitae and Testimony Log of John "Jack" Ryan

    D-9    Expert Report of John "Jack" Ryan

    D-10   Expert Report of Gary S. Barach, CPA, CFE, CFF, CVA

Defendant reserves the right to use exhibits listed in the plaintiffs' exhibits list, if needed.

## VI. Trial Estimate

5 to 7 days.

## VII. Special Issues

1. Defendant objects to the testimony of the "custodian of 911 calls and transmissions." (Fed. R. Evid. ("FRE") 401, the testimony is not relevant; FRE 403, danger of undue delay or waste of time.)

2. Defendants objects to the testimony "PCD Kimberly Giafaglione." (FRE 401, the testimony is not relevant; FRE 403, danger of undue delay or waste of time.)

3. Defendant objects to Exhibit P-26, Shields PBI file 12-0404, which pertains to an on-duty officer-involved shooting by Officer Shields <u>months after</u> this off-duty police shooting, and any testimony concerning the subsequent officer-involved shooting. (FRE 401, not relevant; FRE 403, danger of unfair prejudice, misleading the jury, confusion of the issues, waste of time or undue delay.)

4. Defendant objects to Exhibit P-30, the "new Directive 10," and any testimony thereon, as it was not in effect on April 25, 2011, and there is no *Monell* claim against the City of Philadelphia. (FRE 401, not relevant; FRE 403, danger of misleading the jury, confusing the issues, waste of time or undue delay.)

5. Defendant objects to Exhibits P-30 – P-36, PPD Directives on Hospital Cases, Search Warrants, Vehicle and Pedestrian Investigations, Arrest Warrants, and Disciplinary Procedure, and PPD Disciplinary Code, respectively, and any testimony thereon. (FRE 401, not relevant; FRE 403, danger of misleading the jury, confusing the issues, waste of time or undue delay.)

6. Defendant objects to Exhibit P-42, Philadelphia Police Academy curriculum for Recruit Class 349, and any testimony thereon. (FRE 401, not relevant; FRE 403, danger of undue delay or waste of time.)

7. Defendant objects to Exhibit P-42, Philadelphia Police Academy curriculum for Recruit Class 349, and any testimony thereon. (FRE 401, not relevant; FRE 403, danger of undue delay or waste of time.)

8. Defendant objects to Exhibit P-43, Concise Officer History of PO Larry Shields [a summary of complaints against police, internal investigations, and/or police discharge investigations that either predate or postdate this incident (only other police discharge investigation which is referred to above in Objection #3)], and any testimony thereon. (FRE 401, not relevant; FRE 403, danger of unfair prejudice, misleading the jury, confusing the issues, undue delay or waste of time.)

9. Defendant objects to Exhibits P-44 – P-45, in-service training history and personnel file of PO Shields, respectively, and any testimony thereon. (FRE 401, not relevant; FRE 403, danger of misleading the jury, confusing the issues, waste of time or undue delay.)

10. Defendant objects to Exhibits P-46 – P-48, Firearms Discharge Review Board ("FDRB") file for PS #11-69, IAD file for PS #11-69 and PBI file for Moore incident (same as P-26), respectively, and any testimony thereon, because they pertain to an on-duty officer-involved shooting by Officer Shields <u>months after</u> this off-duty police shooting. (FRE 401, not relevant; FRE 403, danger of unfair prejudice, misleading the jury, confusion of the issues, waste of time or undue delay.)

11. Defendant objects to Exhibits P-51 – P-54, documents relating to deposition subpoenas served on Khalil Shields, and any testimony thereon. (FRE 401, not relevant; FRE 403, danger of misleading the jury, confusing the issues, waste of time or undue delay; FRE 608, such documents and testimony thereon is not proper to attack the credibility of a witness.)

12. Defendant objects to any testimony on, or to the admissibility of any portion of, the report of the plaintiffs' police practices expert on the issue of whether or not Officer Shields' use of force was excessive or unreasonable. [FRE 403, danger of unfair prejudice; Bocchino, Anthony J. and Sononshein, David A., *A Practical Guide to Federal Evidence,* "Ultimate Issue Opinions" at pp. 108-09 ( NITA 9th Ed.) (the prevailing federal view is that in civil cases, the expert will not be permitted to give ultimate issue opinion testimony if the opinion embraces within it the legal standard to be applied by the jury; i.e., the ultimate issue opinion testimony is not permissible where it invades the jury's province on an issue on which a properly instructed jury does not need assistance).]

13. Defendant objects to Exhibit P-85 and any testimony thereon, because the "supplemental report" of Ken Katsaris is not a supplement to his original report, which addressed police practices only. Plaintiffs' counsel served this new "expert" report on Defendant's attorney via email at 4:10 PM on Friday, October 14, 2016. As such, this new "expert" report addressing the opinions of Dr. Arden, a forensic pathologist, is, untimely, in violation of the Court's Amended Scheduling Order dated December 21, 2015 (ECF Doc. #37). Moreover, permitting Mr. Katsaris to testify on this new area outside the scope of his original report is prejudicial to Defendant because the *Daubert* motion deadline has passed and jury selection is eight days away. Furthermore, Mr.

5

Katsaris is not qualified as an expert by knowledge, skill, experience, training, or education to rebut the report and testimony of Dr. Arden, because Mr. Katsaris is not a medical doctor or forensic pathologist, nor does he possess the requisite skill, training, experience or education to rebut Dr. Arden's opinions. (FRE 702.) The opinions in his new report: 1) will not be helpful to the jury; 2) are not based on sufficient facts or data; 3) are not the product of reliable principles and methods; and 4) fail to meet the requirement of evidentiary reliability. (FRE 702.) Last, permitting the new report and testimony thereon is inadmissible because its probative value—if any—is substantially outweighed by the danger of unfair prejudice or misleading the jury.

14. Defendant objects to any evidence or testimony that the jury in the underlying criminal matter found Joshua Taylor not guilty of attempted murder, aggravated assault, simple assault, and assault on a law enforcement officer. (FRE 401, not relevant; FRE 403, danger of unfair prejudice, misleading the jury, or confusing the issue.)

                           Respectfully submitted,

BY: /s/ *Matthew K. Hubbard*
      MATTHEW KEVIN HUBBARD
      Senior Attorney
      City of Philadelphia Law Department
      Civil Rights Unit
      1515 Arch Street, 14th Floor
      Philadelphia, PA  19102-1595
      (215) 683-5391 (direct dial)
      (215) 683-5397 (fax)

Dated:   October 19, 2016      matthew.hubbard@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA TAYLOR, ET AL., : | | |
| Plaintiffs, : | | CIVIL ACTION |
| : | | |
| : | | |
| V. : | | NO. 2:13-cv-02241-DS |
| : | | |
| POLICE OFFICER LARRY SHIELDS,, : | | |
| Defendant. : | | **JURY TRIAL DEMANDED** |
| : | | |

**CERTIFICATE OF SERVICE**

  I hereby certify that on this date I filed the foregoing Defendant's Pretrial Memorandum and it is available for viewing and downloading to counsel for the plaintiffs.

             /s/ *Matthew K. Hubbard*
             MATTHEW KEVIN HUBBARD
             Senior Attorney
             City of Philadelphia Law Department
             Civil Rights Unit
             1515 Arch Street, 14th Floor
             Philadelphia, PA  19102-1595
             (215) 683-5391 (direct dial)
             (215) 683-5397 (fax)
Dated:  October 19, 2016     matthew.hubbard@phila.gov